UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNIS KELLER and CRYSTAL
KELLER,

        Plaintiffs,

   v.

CITY OF STOCKTON, et al.,

        Defendants.

_____/

NO. CIV. S-04-1325 LKK/DAD

<u>O R D E R</u>

Pending before the court is plaintiffs' motion for attorney's fees.  Defendants oppose this motion.  I decide the matter based on the papers and the pleadings filed herein.[1]

**I.**

**BACKGROUND**

The court has set forth the relevant facts elsewhere, and no purpose is served by repeating those facts here.  Suffice it to say that on July 9, 2004, plaintiffs Dennis Keller and

---

[1]  Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  Local Rule 78-230(h).

Crystal Keller filed suit against the City of Stockton ("City"), the County of San Joaquin, Child Protective Services worker Jose Romero, and officers Katherine Henderson and Ken Praegitzer, alleging unreasonable seizure of Crystal from the custody of her father.  The suit was predicated on 42 U.S.C. § 1983, and alleged violations of the Fourth and Fourteenth Amendments of the United States Constitution.[2]

After a four-day trial, which ended on March 31, 2006, the jury found that the City, Henderson, and Praegitzer violated the Kellers' civil rights and awarded compensatory damages to Dennis Keller in the amount of $100,000 and to Crystal Keller in the amount of $500,000.  The jury awarded punitive damages against Henderson and Praegitzer in the amount of $1,000,000 each, for a total of $2,600,000.

## II.

### STANDARDS

The Supreme Court has articulated the standard for a finding of "prevailing party" as whether the party has "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)(citing Nadeau v. Helgemoe, 581 F.2d 275 (1st Cir. 1978)).  The Ninth Circuit, in discussing whether a party has achieved "prevailing" status, has noted that a party can achieve that status by

---

[2]   During discovery, plaintiffs dismissed the County of San Joaquin and Jose Romero.

2

1  establishing a "clear, causal relationship between the

2  litigation brought and the practical outcome realized."

3  Rutherford v. Pitchess, 713 F.2d 1416, 1419 (9th Cir. 1983).

4      In an action brought pursuant to 42 U.S.C. § 1983, "the

5  court, in its discretion, may allow the prevailing party, other

6  than the United States, a reasonable attorney's fee as part of

7  the costs . . . ."  42 U.S.C. § 1988(b).  Consequently, the

8  court may grant reasonable attorney's fees pursuant to 42 U.S.C.

9  § 1988(b).

10     The federal courts have adopted the "lodestar" method for

11  calculating attorney's fees.  Hensley, 461 U.S. at 424.  To

12  determine the appropriate fee amount, the court multiplies the

13  number of hours reasonably expended in the litigation by a

14  reasonable hourly rate.  Id.  The court may then, at its

15  discretion, adjust the lodestar amount after considering other

16  factors that bear on the reasonableness of the fee.[3]  Dang v.

17  Cross, 422 F.3d 800, 812 (9th Cir. 2005).

18  ////

19  ─────────────

20      [3]  The twelve Kerr factors, incorporated by Local Rule 54-
    293(c), bearing on reasonableness are:

21          (1) the time and labor required, (2) the novelty and
22      difficulty of the questions involved, (3) the skill
        requisite to perform the legal service properly, (4) the
        preclusion of other employment by the attorney due to
23      acceptance of the case, (5) the customary fee, (6)
        whether the fee is fixed or contingent, (7) time
24      limitations imposed by the client or the circumstances,
        (8) the amount involved and the results obtained, (9)
25      the experience, reputation, and ability of the
        attorneys, (10) the "undesirability" of the case, (11)
26      the nature and length of the professional relationship
        with the client, and (12) awards in similar cases.

                                3

1                                  **III.**

2                               **ANALYSIS**

3  **A.   PREVAILING PARTY**

4       Plaintiffs contend that they prevailed pursuant to 42

5  U.S.C. § 1983 because the jury found that defendants violated

6  their rights and that the conduct was attributable to the City

7  of Stockton and to Officers Henderson and Praegitzer.

8  Defendants contest this assertion because pending before the

9  court is a Motion for Judgment as a Matter of Law, New Trial,

10  and/or Remittitur.  Defendants argue that if the court should

11  determine that their position has merit, "then the predicate for

12  Plaintiffs' entitlement to fees – a judgment establishing

13  Plaintiffs' status as prevailing party – will have vanished."

14  Defs.' Opp'n at 1.  As set forth in an order issued concurrently

15  with this one, however, the court has denied defendants' motion

16  for judgment as a matter of law and new trial, and thus, the

17  court concludes that there is a causal relationship between the

18  litigation brought and the outcome achieved, and that plaintiffs

19  are entitled to attorney's fees.[4]

20  **B.   REASONABLE HOURLY RATE**

21       The appropriate hourly fee should be based on the rates

22  charged by counsel with similar experience, reputation, and

23  skill for similar cases in the legal community.  See <u>Chalmers v.</u>

24  <u>Los Angeles</u>, 796 F.2d 1205, 1211 (9th Cir. 1985).  Plaintiffs'

25  

26       [4]  Although the court has reduced the punitive damages awarded
to Dennis Keller, there is no doubt that plaintiffs prevailed in
the suit.

1  counsel seeks $350.00 per hour for worked performed on this

2  case.  Beauvais Dec. at 1.  Defendants contend that plaintiffs'

3  counsel should receive no more than $300.00 per hour.  Defs.'

4  Opp'n at 2.  Mr. Beauvais, plaintiffs' counsel, has over twenty-

5  eight years of experience practicing law, having been the

6  counsel of record in numerous § 1983 cases, including five civil

7  rights cases concerning allegedly unlawful removals of children

8  from their parents.  Beauvais Dec. at 2.  Plaintiffs support the

9  hourly fee request by providing declarations from three

10  attorneys, all of whom are admitted to practice before the

11  Eastern District.  The hourly rates that those attorneys suggest

12  vary.  See Katz Dec. at 2 (proposing a prevailing rate of more

13  than $250); Wells Dec. at 2 (suggesting a prevailing rate of at

14  least $400); Miller Dec. at 4 (proposing a prevailing rate

15  between $300 and $325).  Andrea Miller's declaration is

16  particularly helpful in that she has served as an expert witness

17  on attorney fee issues in several cases in and around

18  Sacramento.  Miller Dec. at 4.  Similar to Beauvais, Miller has

19  practiced law for approximately twenty-seven years, and has

20  represented plaintiffs in child removal cases.  Based on her

21  experience and opinion, she states that plaintiffs' counsel

22  should be awarded "between $300 and $325 per hour."  Miller Dec.

23  at 4.  Defendants argue that the prevailing rate should be no

24  higher than $300, by citing to plaintiffs' declarations and

25  arguing that some attorneys received fees of $300 or less.

26  Defs.' Opp'n Mem. at 2.  Defendants' argument is not dispositive

1  of the issue, nor do they submit independent evidence to

2  establish the appropriate prevailing rate.

3      After considering Mr. Beauvais' legal experience, the

4  declarations filed with the court, the manner in which the case

5  was tried, and defendants' opposition, the court concludes that

6  the rate of $325 adequately reflects the prevailing hourly rate

7  in the Sacramento area for similar work performed by attorneys

8  of comparable skill, experience, and reputation.  The court

9  calculates the lodestar figure based on this hourly rate.

10  **C.    REASONABLE HOURS BILLED**

11      Plaintiffs seek to recover attorneys' fees for a total of

12  239.6 hours expended in this litigation, including for the time

13  spent on this motion.[5]  Pls.' Mot. at 1.   In arriving at the

14  lodestar figure, the district court should exclude hours that

15  are "excessive, redundant, or otherwise unnecessary . . . ."

16  <u>Hensley</u>, 461 U.S. at 434.  Further, an attorney may request fees

17  associated with his motion for an award of attorneys' fees.

18  <u>Harris v. Marhoeffer</u>, 24 F.3d 16, 19 (9th Cir. 1994).

19      Plaintiffs' counsel argues that although this case did not

20  present any novel issues, having to litigate issues arising from

21  the contentious custody battle that provided context for the

22

23      [5]  Plaintiffs originally sought to recover 206.3 hours in
    fees, but on June 5, 2006, plaintiffs submitted a supplemental
    declaration seeking to recover fees for 33.3 hours spent on

24  researching and writing the opposition brief to defendants' motions
    for a new trial, judgment as a matter of law, or remittitur.  The

25  court has examined the declaration and the time records and
    determines that the hours sought for opposing these motions are

26  reasonable.

1    case made litigation much more difficult.  Pls.' Mot. at 5.

2    Counsel has filed a lengthy and detailed billing record setting

3    forth the time spent over the last two years on this litigation.

4    See Beauvais Dec., Ex. A.  Importantly, defendants do not oppose

5    plaintiffs' calculation of the time and labor expended in the

6    litigation.

7         The court has examined Mr. Beauvais' papers, declarations,

8    and accompanying records and concludes that 239.6 hours is

9    reasonable under the circumstances.

10   **D.   BILL OF COSTS**

11        Plaintiffs request $627.90 for the costs of transcripts

12   related to this suit and $4,607.21 for other costs.  Plaintiffs

13   have tendered to the court invoices evidencing these costs.  The

14   court, however, has examined the bill of costs and has adjusted

15   the amount pursuant to Local Rule 54-292 and 28 U.S.C. § 1920.

16        First, plaintiffs have tacked on $693.70 to the bill of

17   costs for amounts related to travel to Pensacola for the Morie

18   deposition, including dining expenses.  This amount should be

19   calculated with the attorneys' fees, not the bill of costs, and

20   the court will add this amount to the attorney's fees.  See

21   Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991).

22        Second, according to the Local Rules and 28 U.S.C. § 1920,

23   appearance fees, non-appearance fees, per diem costs for the

24   court reporters, and special handling charges may not be taxed.

25   ////

26   ////

                              7

1  The court will therefore subtract $ 533.50 from the requested

2  bill of costs amount.

3      With the adjustments noted above, the court shall award

4  plaintiffs $ 4,007.91 in costs.

**IV.**

**CONCLUSION**

7      Accordingly, plaintiffs's counsel is AWARDED $82,571.61 in

8  attorney's fees and costs.[6]

9      IT IS SO ORDERED.

10     DATED:   July 18, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[6]   The amount is based on those fees and costs sufficiently
documented by plaintiffs' counsel as follows:

|                     | **Hours** | **Rate** | **Total**    |
|---------------------|-----------|----------|--------------|
| David J. Beauvais   | 239.6     | $325/hr  | $77,870.00   |
| Travel Costs        |           |          | $    693.70  |
| Costs               |           |          | $ 4,007.91   |
| **Total**           |           |          | **$82,571.61** |

8